UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | : Case No.: 3:24CR85MJN |
| | : |
| **Plaintiff,** | : **SENTENCING MEMORANDUM** |
| | : |
| **vs.** | : |
| | : |
| **RODAS TEKLE,** | : |
| | : |
| **Defendant.** | : |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney's Office for the Southern District of Ohio, hereby files the attached response to defendant's sentencing memorandum.  This brief is based upon the attached memorandum of points and authorities, the files and records in this case, and any further evidence or argument as may be presented at this defendant's sentencing hearing.

DATED: October 6, 2025          Respectfully submitted,


DOMINICK S. GERACE II
UNITED STATES ATTORNEY

s/Brent G. Tabacchi
BRENT G. TABACCHI (6276029 IL)
Assistant United States Attorney
Attorneys for Plaintiff
602 Federal Building
200 West Second Street
Dayton, OH   45402
Telephone: (937) 225-2910
Fax: (937) 225-2564

**SENTENCING MEMORANDUM**

The United States respectfully requests that the Court accept the proposed binding plea agreement in this case and sentence the defendant, Rodas Tekle, to five years of probation as recommended by the Presentence Investigation Report ("PSR").[1] Correctly balancing the section 3553(a) factors, this proposed sentence proves consistent with Sentencing Guidelines, protects the public from Mr. Tekle, and deters him from future criminal conduct.

First, as detailed in the PSR, the Sentencing Guidelines support a term of probation.  Mr. Tekle confronts a minimal total offense level and a nominal criminal history.  The Sentencing Guidelines therefore yield a *de minimis* sentencing range that falls within the probationary zones of its Sentencing Table.

Second, the remaining section 3553(a) factors equally support this proposed disposition.  Congress has set the statutory maximum term of supervised release for Mr. Tekle's offense at three years.  In contrast, a probationary sentence authorizes this Court to supervise him in the community for five years and to resentence him *de novo* should he violate any conditions of this release.  Given that Mr. Tekle's performance

---

[1] The United States has no objections to the PSR, including its ultimate Sentencing Guidelines calculation.

1

on bond has been uneven, this lengthier period of probation ensures his continued supervision in the community, incentivizes his compliance with the law, and provides him extended access to mental health services.  In short, the lengthier period of supervision effectively deters Mr. Tekle from future criminal conduct and promotes the safety to this community.

Based on the foregoing, the United States respectfully requests that the Court accept the sentencing recommendations in the PSR.

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of this sentencing memorandum was served on defendant's counsel on October 6, 2025, via the Court's ECF System.

s/Brent G. Tabacchi
BRENT G. TABACCHI
Assistant United States Attorney